UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MORTEZ OWSLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-00021-JMS-MG |
| | ) | |
| WENDY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Mortez Owsley's petition for a writ of habeas corpus challenges his conviction in prison

disciplinary case CIC 20-05-229. For the reasons explained in this Order, Mr. Owsley's petition is

**denied.**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning

class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,*

485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018).

The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written

notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial

decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the

evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt.

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,*

418 U.S. 539, 563-67 (1974).

1

**B. Disciplinary Proceeding**

On May 26, 2020, Officer Barker wrote a report of conduct charging Mr. Owsley with a violation of Indiana Department of Correction (IDOC) Adult Disciplinary Code B-202, possession of a controlled substance or lookalike:

> On 5/24/2020 at approximately 12:00 pm, I, Officer J. Barker (W/F, #123) was conducting a cell search with Officer C. Richardson (W/M #257) in cell 9-3C. During the search, several small pieces of picture paper were found on the top shelf belonging to Officer Owsley, Martez (B/M, DOC# 167102, 9A-3C). The paper had lines the approximate size of a postal stamp and had the characteristics of being soaked in an unknown controlled substance (stiff, off colored and had a suspicious residue).

Dkt. 7-1. Photos were taken of the paper, and a notice of confiscated property form and evidence record were completed describing the property as "[s]everal small pieces of picture paper soaked in unknown controlled substance." *Id.*

Officer Richardson provided a written statement that he performed a shakedown of cell 9-3C and Mr. Owsley's property, and found the paper, which appeared "to be laced with an unknown substance throughout[.]" *Id.* Investigator Bener completed a suspicious controlled substance confirmation form which noted that a chemical test was not available to identify all controlled substances, and thus, the facility relies on "circumstances surrounding the items found and identified as synthetic marijuana or drug paraphernalia." *Id.* Code B-202 is inclusive of look alike substances, including suspicious residue, rolling papers, soaked papers, and suspicious torn pieces of paper. *Id.* Investigator Bener documented that "[t]he items are several paper like stamps that are used to cut controlled substances," and he determined based on his professional opinion that The papers were soaked in an unknown controlled substance. *Id.*

Mr. Owsley received notice of the charge on May 29, 2020, and he pled not guilty. Dkt. 7-

2. After screening, Mr. Owsley requested Officer Barker as a live witness, a copy of the language of the code, and test results of the unknown substance. Dkt. 7-7.

A disciplinary hearing was held on July 8, 2020, and Mr. Owsley stated that he was not in possession of a controlled substance. Dkt. 7-9. Mr. Owsley was able to question Officer Barker during the hearing, but the disciplinary hearing officer (DHO) terminated the questioning due to Mr. Owsley's argumentative behavior. Dkt. 7-10. The DHO considered the staff reports, Mr. Owsley's statement, and the witness evidence, and found Mr. Owsley guilty. *Id.* His sanctions included a deprivation of earned credit time and credit class demotion. *Id.*

Mr. Owsley's administrative appeals were unsuccessful. Dkt. 7-11; dkt. 7-12. However, the appeal review officer modified Mr. Owsley's charge to violation of Code B-231, possessing an intoxicating substance. Dkt. 7-13. Mr. Owsley's sanctions did not change. *Id.* Mr. Owsley then filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. The respondent filed a return to the Court's order to show cause. Dkt. 7. Mr. Owsley did not file a reply.

**C. Analysis**

The Court construes the grounds raised in Mr. Owsley's petition as whether: (1) there was sufficient evidence to support the charge; (2) he was denied 24-hours advanced notice of the modified charge; and (3) the DHO provided an adequate written statement. Dkt. 1.

**1. Sufficiency**

Mr. Owsley's petition implicates challenges to the sufficiency of the evidence supporting his original charge of possession or use of a controlled substance and the modified charge of possession of an intoxicant. *Id.* However, the Court need only consider sufficiency of the evidence as it relates to Mr. Owsley's ultimate conviction for possessing an intoxicating substance.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The conduct report "alone" can "provide[] 'some evidence' for the . . . decision." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56. The "'some evidence' standard" is "a 'meager threshold.'" *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs*, 485 F.3d at 939). Once the Court finds "some evidence" supporting the disciplinary conviction, the inquiry ends. *Id.* This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

Code B-231 prohibits "[m]aking, receiving, giving, transferring, trading, or in any other manner moving from one person to another, or possessing an intoxicating substance, or being under the influence of any intoxicating substance (e.g., alcohol, inhalants, or chemical soaked paper)." Dkt. 7-14. An intoxicating substance is defined as "[a]nything which, if taken into the body, may alter or impair normal mental or physical functions so that there is an impaired condition of thought and action and the loss of normal control of an individual's faculties." *Id.* The definition

4

is inclusive of "any paper or other substance soaked, contaminated, infused, laced, or in any other manner incorporated with a chemical, known or unknown[.]" *Id.*

Here, the conduct report alone supports Mr. Owsley's charge. Officer Barker described that he confiscated paper the size of stamps from Mr. Owsley that had been soaked in an unknown controlled substance. He believed the papers were soaked in a controlled substance because they were stiff, off-color, and contained a suspicious residue. The Court finds this meets the elements of the modified charge. Dkt. 7-1. Mr. Owsley does not dispute that he possessed the papers, just that he did not possess a controlled or intoxicating substance. He also argues that the suspicious controlled substance form stated that papers such as those found were used as *tools to cut* controlled substances, not that they were *positively identified* as controlled substances. Dkt. 1. But, Mr. Owsley's argument is unavailing because possession of intoxicants encompasses possessing chemically soaked paper—with a substance known or unknown. The conduct report, notice of confiscation form, evidence record, statement from Officer Richardson, suspicious controlled substance confirmation, and Officer Barker's live testimony are all consistent that the papers appeared to have been chemically soaked.

Though there was no chemical test confirmation, Investigator Bener relied on his professional opinion as an officer in the correctional setting. Dkt. 7-1. A correctional officer's opinion that a substance appears to be an illegal or prohibited drug satisfies the "some evidence" standard. *See Burks-Bey v. Vannatta*, 130 F. App'x 46, 48 (7th Cir. 2004) ("As to whether it was tobacco the guards found, prison officials do not need a chemist to help decide the question.") (citing *United States v. Sanapaw*, 366 F.3d 492, 496 (7th Cir.2004) (even in a criminal trial, chemical analysis is not required to prove the identity of a suspected controlled substance)); *see*

*also United States v. Pigee*, 197 F.3d 879, 890 (7th Cir.1999) (a sentencing judge may determine that cocaine base was crack through witness testimony; chemical analysis is not required).

Collectively, this evidence meets the "some evidence" threshold to support a modified charge of possession of intoxicants. Accordingly, Mr. Owsley is not entitled to habeas relief on this ground.

### 2. Notice of Modified Charge

Mr. Owsley does not dispute that he was given 24-hour notice of the original charge, rather, he contends that he was not given adequate notice of the modified charge which affected his ability to marshal a defense to the new charge. Dkt. 1.

If the facts of the initial charge are "sufficient to apprise [the petitioner] that he could be subject to a [different] charge," due process is not violated because the defendant is on notice that he could be subject to a different charge and has all the factual information necessary to prepare a defense against that charge. *Northern v. Hanks*, 326 F.3d 909, 910-11 (7th Cir. 2003) (citations omitted); *see Mosenek v. Vannatta*, 74 F. App'x 639, 641 (7th Cir. 2003) (noting that the Seventh Circuit in *Northern* held that the "notice of the original offense is sufficient where the modified charge has the same factual basis."). Due process permits the prison staff to later modify the inmate's charge—but only if the original notice included "all information he needed to defend against the [amended] charge." *Northern*, 326 F.3d at 911.

Mr. Owsley's modified charge is not fundamentally different from the original.[1] None of the underlying facts of the original charge changed; rather, Mr. Owsley was on notice that he was

---

[1] The original charge, a violation of Code B-202 prohibits: "Possession or use of any unauthorized controlled substance pursuant to the laws of the State of Indiana or the United States Codes, possession of drug paraphernalia, possession/use of a controlled substance analog or a lookalike substance. If an offender is charged with possession of a lookalike substance, the person writing the REPORT OF CONDUCT must specifically identify what controlled substance or controlled

6

charged with possessing chemically soaked paper that had been confiscated from his property. The respondent argues that Mr. Owsley's possession of these soaked papers supports that he possessed an illicit substance, which could have been a controlled substance, lookalike substance, or an intoxicant, and the conduct report gave him all the information he needed to prepare a defense to either of these code violations. Dkt. 7 at 10. The Court agrees and finds that Mr. Owsley's proffered defense was the same to either charge—that while he did not contest possession of the paper itself, he argued he did not possess any substance. Therefore, notice of the original charge was sufficient.

Accordingly, Mr. Owsley's due process rights were not violated by the modification of the charge on appeal, and no habeas relief is available to him on this ground.

### 3. DHO's Written Statement

Mr. Owsley argues that the DHO provided an inadequate written statement supporting his reasoning for the conviction. Dkt. 1.

"Due process requires that an inmate subject to disciplinary action is provided 'a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions.'" *Scruggs*, 485 F.3d at 941 (quoting *Forbes v. Trigg*, 976 F.2d 308, 318 (7th Cir. 1992)). The written-statement requirement is not "onerous," as the statement "need only illuminate the evidentiary basis and reasoning behind the decision." *Id.* The level of detail required in a hearing officer's written statement "will vary from case to case depending on the severity of the charges and the complexity of the factual circumstance and proof offered by both sides." *Arce v. Ind. Parole Bd.*, 596 F. App'x 501, 503 (7th Cir. 2015) (quoting *Culbert v. Young*, 834 F.2d 624, 631

---

substance analog, or intoxicating substance the confiscated material looks like or is intended to mimic." Dkt. 7-8.

(7th Cir. 1987)). "[I]n a straightforward case . . . a very brief statement is sufficient." *Dullen v. McBride*, 27 F. App'x 607, 610 (7th Cir. 2001) (citing *Culbert*, 834 F.2d at 629-30).

The DHO indicated that he reviewed the staff reports, Mr. Owsley's statement, and witness evidence. Dkt. 7-9 at 1. He wrote that "I & I clearly identified the paper as being soaked in an unknown substance appearing to be a lookalike. Testing for paper is not available at this time." *Id.* The charge, details of the incident, and evidence in the record are not complex in this case. The DHO's written statement clearly and sufficiently indicated that there was no test to determine what substance was on the confiscated papers, but that the papers were soaked with an unknown substance that investigators determined appeared to be a lookalike, and this formed the basis for his decision.

Accordingly, Mr. Owsley is not entitled to the relief he seeks on this ground.

**D. Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558.  There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Owsley to the relief he seeks. Accordingly, Mr. Owsley petition for a writ of habeas corpus is **denied** and this action is **dismissed with prejudice**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 11/2/2021

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

MORTEZ OWSLEY
167102
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov